[No. 7,226. In Bank.—June 28, 1884.]

J. S. DYER, APPELLANT, v. GEORGE HUDSON ET AL., RESPONDENTS.

EVIDENCE—PROOF OF CONTENTS OF LOST INSTRUMENT—STREET ASSESSMENT.—A copy of a certified copy of an original instrument which has been lost, is not admissible in evidence to prove the contents of the original.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

Action on a street assessment. The facts are stated in the opinion of the court.

*J. M. Wood*, for Appellant.

*Whittemore & McKee*, for Respondents.

SHARPSTEIN, J.—It being admitted that the petition for grading had been filed in the office of the clerk of the board of supervisors, and had been lost, and could not be found, evidence of its contents was admissible; and the only question is whether the evidence admitted was competent. The court admitted in evidence against the plaintiff's objection, a writing which the defendant testified had been copied by a short-hand reporter from his notes of the evidence taken in another case in which a certified copy of said petition had been read in evidence. There is no evidence that the writing admitted in evidence as a copy of the petition had ever been compared with the original, by the witness, or any one else. If the original had been in the custody of a public officer, when evidence of its contents was

sought to be given, the contents could only have been proved by the production of the original, or a copy of it. But having been lost, its contents could be proved by a copy or by oral evidence. (Code Civ. Proc. § 1855.)

The writing offered as a copy of an original must be proved to be such before it can be admitted in evidence. If properly certified to be such, it is admissible. Or if shown to be such by a witness who compared it with the original, it is admissible. In any event, it must be shown to be a copy of the original writing before it can be admitted in evidence. The contents of the lost original can only be proved by copy, or oral evidence. Any other mode of proof is excluded.

If the Code had provided that the contents of a lost writing might be proved by a copy of a certified copy of such lost instrument, then a question might arise whether it would not be necessary to prove the loss or destruction of the latter in order to make a copy of it admissible to prove its contents. The Code makes a distinction between proof of the contents of a lost instrument by copy, and by oral evidence. The court admitted the writing offered in evidence in this case as a copy, not of the original, because the only witness who testified in relation to it distinctly stated that it was not copied from the original petition on file in the office of the clerk of the board of supervisors, but from a reporter's notes of testimony in the case of *Dyer* v. *Krause*, in which said certified copy had been in evidence.

We do not doubt the inadmissibility of the writing admitted in evidence for any purpose, and under such circumstances the objection that it was incompetent was sufficient. It was not shown to be a copy of the original, and it was then too late to compare it with the original, as it was shown that the latter could not be found. It was not a case in which the objection might have been obviated if the ground of the objection had been elaborately stated. Oral evidence of the contents of the original petition was introduced on both sides. That introduced by the defendant tended to prove that the owners of the requisite number of feet fronting on the street graded had not signed the petition, while that introduced by the plaintiff tended to prove the exact reverse. Under such circumstances, we cannot

hold that the admission in evidence of what is claimed to be a copy of a certified copy of the original petition might not have been prejudicial to the plaintiff. Had it been admissible, it would have been conclusive of the fact which the defendant sought to establish.

Order reversed.

MORRISON, C. J., MYRICK, J., ROSS, J., McKEE, J., and McKINSTRY, J., concurred.